IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK X. BERCKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, et al.,<br><br>    Defendants. | Civil Action No. 07-5245 (JBS)<br><br>**MEMORANDUM OPINION** |

**APPEARANCES:**

Richard M. Pescatore, Esquire
1055 East Landis Avenue
Vineland, NJ 08360-4041
    Attorney for Plaintiff

Michael J. Wietrzychowski, Esquire
SCHNADER, HARRISON, SEGAL & LEWIS, LLP
Woodland Falls
Corporate Park
220 Lake Drive East
Suite 200
Cherry Hill, NJ  08002-1165
    Attorneys for Defendants

**SIMANDLE**, District Judge:

    The above-captioned employment case, arising under New Jersey Law, was recently removed to this Court by the defendants and it was filed on October 31, 2007 in the above docket.  As in all cases, this Court reviews newly-filed matters to determine whether there is any question of subject matter jurisdiction. "[T]he district court may and should always determine <u>sua</u> <u>sponte</u> whether its subject-matter jurisdiction has been properly invoked

by a removal petitioner." Martin v. Wilkes-Barre Pub. Co., 567 F. Supp. 304, 306 (M.D. Pa. 1983). See also Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980) ("failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court"). Where it appears that the Court lacks subject matter jurisdiction over a removed case, the Court shall remand it. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The defendant, as the party seeking to remove this case, bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, the Court has examined the Notice of Removal in which the defendant's jurisdictional position is set forth.

In this case, the sole basis for removal is diversity of citizenship. See 28 U.S.C. §§ 1332 and 1441(a). The plaintiff is a New Jersey citizen, while Defendant United Parcel Service is a Delaware corporation with a principal place of business in Georgia, and UPS alleges that the co-defendant, Norman Perkins, who is also a New Jersey resident, has been fraudulently joined and his citizenship should be disregarded. If Perkins' citizenship is disregarded under the fraudulent joinder rule,

then the case was properly removable, assuming also that the amount in dispute exceeds $75,000 pursuant to 28 U.S.C. § 1332.

To show that Perkins was fraudulently joined, and that his citizenship may be disregarded, Defendant UPS must demonstrate that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)) (citation and quotation marks omitted).  Such a claim against a non-diverse defendant must be "wholly insubstantial and frivolous" to be considered fraudulent, Briscoe at 217, quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992).  Although fraudulent joinder determinations are often made in the context of a remand motion, there is no requirement that this be so, given the fraudulent joinder issue raised and briefed by the removing party in the removal petition itself, and given this Court's authority to determine its own jurisdiction without necessity of formal motion practice under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1447(c).

The citizenship of Norman Perkins should not be disregarded under the fraudulent joinder rule.  The Complaint alleges that Norman Perkins aided and abetted the unlawful actions of the employer, UPS, in violation of the New Jersey Law Against

3

Discrimination.  (Second Count, paragraph 1.)  Although Mr. Wietrzychowski's Notice of Removal acknowledges that an individual employee may be liable under the New Jersey Law Against Discrimination for aiding and abetting pursuant to N.J. Stat. Ann. § 10:5-12e, Mr. Wietrzychowski makes an argument that is better raised as a motion to dismiss for failure to state a claim,[1] or for summary judgment because it turns upon the facts.  Whether or not defendant Perkins may be proved to be an aider-and-abetter under the New Jersey Law Against Discrimination is a matter that must be determined in due course, and not upon a petition for removal.  Unless the joinder of Perkins was fraudulent, however, the merits cannot be addressed because this Court lacks jurisdiction to do so.  Ultimately, Plaintiff will be required to prove that Mr. Perkins (1) aided UPS in performing a wrongful act that causes an injury; (2) was generally aware of his role as part of an overall illegal or tortious activity at the time he provided assistance; and (3) knowingly and substantially assisted the principal violation.  <u>Tarr v. Ciasulli</u>, 181 N.J. 70, 84 (2004)(citing <u>Hurley v. Atlantic City Police Dep't</u>, 174 F.3d 95, 127 (3d Cir. 1999)).

The Court disagrees with Defendant's assertion that the language of the Complaint precludes Plaintiff from meeting this

---

[1] Defendant Perkins has filed a motion to dismiss for failure to state a claim on November 7, 2007 (Docket Item 5). Such a motion cannot be decided unless this Court has subject matter jurisdiction.

standard as the case develops; Plaintiff is not required to prove his case against Mr. Perkins in order to overcome the "fraudulent joinder" accusation.  Because "fraudulent joinder" is a legal conclusion necessary to establish subject matter jurisdiction upon this removal, the Defendant has the burden to show that the law would not permit a recovery against Perkins.  The Complaint against Mr. Perkins satisfies the notice pleading requirements and alleges that Perkins in fact is an aider-and-abetter, having participated in the employer's refusal to provide reasonable accommodation, and thereby may be liable under the New Jersey Law Against Discrimination.  The identification of Mr. Perkins as a defendant against whom NJLAD liability is alleged suffices to count him as a party for jurisdictional purposes.  Nothing in the Complaint negates Plaintiff's ability to satisfy the three prongs of aider-and-abetter liability.  Even if there is legal ambiguity as to the satisfaction of these required elements of proof, any such ambiguity as to the current state of controlling substantive law is also to be resolved in favor of the plaintiff.  Batoff, supra, 977 F.2d at 852.

Accordingly, this Court cannot conclude that the joinder of Mr. Perkins was fraudulent or that his citizenship should be disregarded.  Likewise, this Court does not predict whether or not Plaintiff's claim against Mr. Perkins will be meritorious, nor does the Court decide whether Plaintiff's complaint against Perkins can survive a motion to dismiss for failure to state a

5

claim or a motion for summary judgment.  The Complaint, on its face, is sufficient to retain Mr. Perkins as a party because it clearly alleges aider-and-abetter liability under the NJLAD against him as an individual.  Such a claim does not lie within the jurisdiction of this Court because Plaintiff and Defendant Perkins are both citizens of New Jersey.  The case must be remanded.

In the event that Mr. Perkins is dismissed from this suit at some future date, the case will, for the first time, become properly removable to the Federal Court on the basis of diversity of citizenship.  See 28 U.S.C. § 1446(b).  So long as Mr. Perkins is a defendant accused of a cognizable violation of the New Jersey Law Against Discrimination, his citizenship matters and defeats diversity jurisdiction.

For these reasons, the Court concludes that diversity jurisdiction is lacking and this Court will remand the case to the Superior Court of New Jersey, Atlantic County, for further proceedings.

The accompanying Order will be entered.

**November 14, 2007**            **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 United States District Judge

6